IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADRIENNE SMITH, et al., | * |
| Plaintiffs, | * |
| v. | *    CIVIL NO. JKB-24-1492 |
| STEPHEN GARDNER, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is the National Railroad Passenger Corporation's ("Amtrak's") Motion to Dismiss. (ECF No. 7.) The Motion will be granted for the reasons provided below.

### I. Background

*Pro se* Plaintiffs Adrienne Smith and Erika Smith initiated this suit against Defendant Stephen Gardner in his capacity as CEO of Amtrak. (*See* ECF No. 3.) Although the Complaint is somewhat difficult to follow, Plaintiffs raise concerns regarding Amtrak's acquisition of property in West Baltimore. (*Id.*) The crux of Plaintiffs' complaint is that they "do not think that Amtrak has legal correctness to seize occupied home and entire blocks" and they raise concerns about the impact of Amtrak's acquisition of properties. (*Id.*)

Defendant has filed a Motion to Dismiss. (ECF No. 7.) Plaintiffs' response was due on June 27, 2024. (*See* ECF No. 10.) Plaintiffs sought an extension (ECF No. 12), which the Court granted (ECF No. 13), but Plaintiffs failed to respond by the extended July 27, 2024 deadline. Plaintiffs filed a second motion for extension of time (ECF No. 15), which the Court again granted (ECF No. 16). Plaintiffs failed to respond by the extended September 3, 2024 deadline. Plaintiffs sought a third extension (ECF No. 17), which the Court granted (ECF No. 19). In granting the

third extension, which extended the deadline to September 19, 2024, the Court noted that "it [would] not be inclined to grant any further extensions[.]" (*Id.*) The September 19, 2024 deadline has now long passed, and Plaintiffs have filed no response.

## II. Analysis

Amtrak argues that the Complaint must be dismissed because Plaintiffs do not have standing and because they fail to state a claim. Amtrak's Motion will be granted, and the Court will dismiss the Complaint.

Amtrak argues that the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Rule 12(b)(1) provides that a party may move to dismiss a claim on the argument that the court lacks subject matter jurisdiction. Rule 12(b)(1) governs motions to dismiss for lack of standing. *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 597 (D. Md. 2022). "When considering a motion to dismiss challenging a plaintiff's standing to bring suit in federal court, the court determines whether the allegations in the Complaint, taken as true, are sufficient to establish standing under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly*." *Id.* at 598.

To establish standing, a plaintiff must (1) show an injury in fact, (2) demonstrate a causal connection between the defendants' actions and the alleged injury, and (3) show that the injury would likely be redressed by a favorable outcome. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." (*Id.*)

Amtrak argues that Plaintiffs stumble at the first and third steps of the standing analysis, and the Court agrees. As Amtrak explains, "[n]owhere in the Complaint do[] the Plaintiff[s] allege that information (or lack thereof) provided by Gardner or Amtrak, or their actions and/or inactions, affect [them] now or in the future in a particular manner—Plaintiff[s] do[] not allege that [they] own[] or reside[] in a home that would be affected by the Program or that the information that has (or not) been provided would be relevant to [them] in a particular way." (ECF No. 7-1 at 7.) Rather, Plaintiffs' allegations are much more general, and evince a concern about the impact of Amtrak's construction. However, this is not sufficient to establish standing. *See, e.g. Lujan*, 504 U.S. at 573–74 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). With respect to redressability, given that they have failed to sufficiently allege an injury, it is not clear how a favorable decision by this Court would provide redress. Accordingly, Plaintiffs' claims must be dismissed.

Further, even if Plaintiffs had established standing, they fail to state a claim upon which relief can be granted. Plaintiffs make conclusory statements that Amtrak does not have the authority to seize property. (*See generally* ECF No. 3.) However, it is well established that Amtrak is permitted to "acquire by eminent domain . . . interests in property" that are "necessary for intercity rail passenger transportation[.]" 49 U.S.C. § 24311(a)(1)(A). Amtrak may exercise this power when it cannot "acquire the interest in the property by contract" or when it cannot "agree with the owner on the purchase price for the interest." *Id.* § 24311(a)(2). There are no allegations that Amtrak has seized Plaintiffs' property (or any property) without following the procedures

required by 49 U.S.C. § 24311, or indeed that Amtrak has attempted to seize Plaintiffs' property at all.[1] Accordingly, Plaintiffs claims also fail under Rule 12(b)(6).

### III. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 7) is GRANTED;
2. Plaintiffs' Complaint is DISMISSED; and
3. The Clerk is DIRECTED to CLOSE this case.

DATED this 14 day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

---

[1] Of course, if Amtrak sought to acquire pursuant to 29 U.S.C. § 24311 any property in which Plaintiffs have an interest, Plaintiffs would be permitted to challenge such taking or to present evidence regarding the valuation of such property in the context of a condemnation proceeding.